UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LaVAR CLINTON AIKENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-3398-CV-S-RK-P ) |
| JEFF NORMAN, et al., | ) ) |
| Defendants. | ) ) |

**O R D E R**

This is a civil rights case filed *pro se* pursuant to 42 U.S.C. § 1983. Doc. 1, p. 1 (complaint). Plaintiff's claims arose during his incarceration at the South Central Correctional Center (SCCC) in Licking, Missouri. *Id.* The remaining Defendants include SCCC Caseworker Tina Holland. See Docs. 62, 68 (orders).

Defendant Holland has moved to be dismissed as a party in this case, arguing that Plaintiff has failed to state a claim against her upon which relief can be granted. Doc. 72 (motion to dismiss); Federal Rule of Civil Procedure 12(b)(6). In considering Holland's motion, the Court must determine whether Plaintiff has set out "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Twombly*). The Court ordered Plaintiff to file any suggestions in opposition to Holland's motion to dismiss by February 21, 2020. Docs. 73, 75 (orders). As of today's date, Plaintiff has filed none.

Defendant Holland summarizes Plaintiff's claim against her as follows: Plaintiff "attempts to allege a claim of conspiracy . . . , [and his] primary complaints appear to be that there is an alleged campaign of harassment designed to keep him from transferring to another institution . . . , and he is being denied a C-pap machine – all in violation of his Constitutional rights prohibiting cruel and unusual punishment and due process." Doc. 72, p. 4 (motion to dismiss) (citation to the record omitted). The Court agrees with this summary of Plaintiff's claims. The Court also agrees with Holland's argument that Plaintiff has failed to satisfy the *Twombly/Iqbal* standard. *See* Doc. 62 (order dismissing Plaintiff's claims against other Defendants for his failure to allege sufficiently a conspiracy and denial of a C-pap machine).

Therefore, Defendant Holland's motion to dismiss (Doc. 72) is granted,[1] and she is dismissed as a party in this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim against her upon which relief can be granted.

So **ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 7, 2020.

---

[1] Because Plaintiff has filed not responded to Defendant Holland's motion to dismiss, the Court finds it would be futile to require him to file a more definite statement of his claims.